**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
D. GREG BLANKINSHIP (*pro hac vice* forthcoming)
JEAN M. SEDLAK (SBN 267659)
445 Hamilton Ave, Suite 605
White Plains, New York 10601
Telephone: (914) 298-3290
gblankinship@fbfglaw.com
jsedlak@fbfglaw.com

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94116
Telephone: (415) 772-4700
Facsimile: (415) 772- 4707
lking@kaplanfox.com
mchoi@kaplanfox.com

*Attorneys for Plaintiff and the Proposed Classes*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| **DANIEL MAZZONE**, individually and on behalf of other similarly situated individuals,<br><br>    Plaintiff,<br><br>    v.<br><br>**TOPSTAR TECHNOLOGY, LLC**,<br><br>    Defendant. | Case No. 5:18-cv-06989<br><br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

{00296772 }

1    Daniel Mazzone, a New York resident ("Plaintiff" or "Mr. Mazzone"), individually and on

2    behalf of other similarly situated individuals, alleges the following against defendant Topstar

3    Technology, LLC. ("Topstar" or "Defendant"), upon personal knowledge as to his self and his

4    own acts and upon information and belief – based upon, *inter alia*, the investigation made by his

5    attorneys – as to all other matters, as follows:

6                                   **INTRODUCTION**

7        1.    In recent years consumers have become increasingly dependent on portable

8    electronic devices like smart phones, tablets and laptop computers ("PED").  PEDs have made it

9    convenient for consumers to constantly stay in communication with colleagues, friends, and loved

10   ones, and to immediately access information.  However, like any electronic device, PEDs require

11   power and their internal batteries must be periodically recharged.

12       2.    To address the needs of consumers to use PEDs during travel, or when the consumer

13   otherwise lacks access to an electrical outlet, the portable charger industry emerged.  A portable

14   charger, often called a power bank ("Power Bank"), is a small, portable power source consumers

15   can use to recharge their PEDs during travel.  The greater the capacity of the Power Bank, as is

16   expressed in milliampere-hours ("mAh"), the more times the Power Bank can be used to recharge

17   PEDs before the Power Bank must be recharged itself.  Thus, consumers prefer and are willing to

18   pay a premium for Power Banks with higher mAh ratings.

19       3.    Topstar manufactures, markets, and distributes for sale nationwide to consumers a

20   number of Power Banks under the GETIHU label (the "Products").  It does so by prominently

21   representing the Products' capacities as measured in mAh.  Unfortunately for consumers, testing

22   has shown the Products' actual capacity is substantially lower than what Topstar represents.

23       4.    By deceiving consumers about the Products' capacity as detailed herein, Topstar is

24   able to sell more of, and charge more for, the Products than it could if they were labeled accurately.

25   Further, Topstar is incentivized to mislead consumers to take away market share from competing

26   products, thereby increasing its own sales and profits.

27       5.    This is a proposed class action brought by Plaintiffs, individually and on behalf of

28   a class of similarly situated individuals, against Topstar, seeking redress for the Company's unjust,

unfair, and deceptive practices in misrepresenting the capacity of the Products in violation of state law.

## JURISDICTION AND VENUE

6.      This Court has personal jurisdiction over the parties in this case.  Topstar Technology, LLC's principal place of business is within Santa Clara County, in San Jose. Additionally, Topstar purposefully avails itself of the California consumer market and distributes the Products to thousands throughout California.  On information and belief, the deceptive practices alleged herein were conceived, reviewed, approved, sent and otherwise controlled from Topstar's headquarters in San Jose, California.

7.      This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which the proposed plaintiff class is comprised of at least 100 members, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.  The total claims of individual members of the proposed class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

8.      Venue is proper in this District under 28 U.S.C. § 1391(a).  Substantial acts in furtherance of the alleged improper conduct, including the dissemination of false and misleading information regarding the Products, occurred within this District.

## INTRADISTRICT ASSIGNMENT

9.      Assignment to the San Jose Division is appropriate under Civil L.R. 3-2(c) and (e) because a substantial part of the events or omissions that give rise to the claim, including the dissemination of false and misleading information regarding the Products, occurred within the County of Santa Clara.

## PARTIES

10.      Plaintiff Daniel Mazzone is an individual consumer who, at all times material hereto, was a citizen and resident of Brooklyn, New York.  On May 17, 2017, Plaintiff purchased

1    the Product from Amazon.com.  In deciding to purchase the Product, Plaintiff read and relied on

2    Defendant's representations that the Product's capacity is 10000mAh.  Had Plaintiff known the

3    truth, that the Product's mAh was really less, he would not have purchased it or would not have

4    been willing to pay as much as he paid for the Product.

5         11.    Plaintiff frequently uses PEDs during travel and when he otherwise does not have

6    access to an electrical outlet.  Plaintiff would consider purchasing the Product again if he could

7    trust that Topstar's representations about its mAh rating were correct going forward, such as if the

8    Product was redesigned to make Topstar's representations about it correct, and if the price fairly

9    reflected the actual mAh capacity of the battery.  Plaintiff also has a strong interest in ensuring

10   honesty in the marketplace for Power Banks.

11        12.    Defendant TopStar Technology, LLC is a California corporation with its principal

12   place of business at 610 Azule Avenue, San Jose, California 95123.  Topstar owns the GETIHU

13   brand.  Topstar markets and distributes the Products from California throughout the State of

14   California and the United States.

15              **TOPSTAR DECEPTIVELY MARKETS ITS POWER BANKS.**

16        13.    Millions of Americans depend on PEDs to conduct their daily lives.  PEDs have

17   made it more convenient for consumers to constantly stay in communication with colleagues,

18   friends, and loved ones, and to immediately access information.

19        14.    To address the needs of consumers to power their PEDs during travel, or when they

20   otherwise lack access to an electrical outlet, an industry for Power Banks has emerged.  The sale

21   of Power Banks now generates more than $15 billion in revenue each year.

22        15.    The most important factor for consumers in choosing a Power Bank is its capacity,

23   which is measured in milliampere-hours, or "mAh."  The higher the mAh, the greater the number

24   of times a Power Bank can be used to recharge PEDs before the Power Bank itself must be

25   recharged.  Consumers thus have a strong preference for, and pay more for, Power Banks with a

26   higher mAh.  Accordingly, for most Power Banks, the mAh rating is featured prominently in the

27   product's advertising.

28

16.     Defendant Topstar manufactures, markets, and distributes for sale nationwide to consumers a number of Power Banks under the GETIHU label.  Topstar sells the Products directly from its website, through Amazon.com, and through other retailers.  Everywhere the Products are sold, at the point of sale and on the Products' packaging, Topstar prominently represents the Products' capacity as measured in mAh.

17.     Unfortunately, testing has shown that Topstar has substantially inflated the Products' mAh ratings.  Plaintiff tested a GETIHU Power Bank represented to have 10000mAh capacity (the same model Plaintiff purchased) using a skilled and experienced testing company.  Those test results revealed that the capacity was actually only 5498mAh.  Upon information and belief, Topstar knew, at the time it sold the Products to Plaintiff and the other class members, that the Products' true capacity was substantially less than what Topstar had represented.  Topstar intentionally misrepresented the Products' capacity to Plaintiff and the other class members to induce them to purchase and pay a premium for the Products.

18.     Topstar has profited enormously from the Company's false and misleading representations about the Products.  The purpose of this action is to put an end to Topstar's deceptive marketing of the Products and to provide consumers with monetary and injunctive relief.

## CLASS ALLEGATIONS

19.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other similarly situated individuals within the United States (the "Nationwide Class"), defined as follows:

> All consumers who purchased the Products within the United States.  Excluded from the Nationwide Class is anyone who received a refund, as well as any of Topstar's officers, directors, or employees; officers, directors, or employees of any entity in which Topstar currently has or has had a controlling interest; and Topstar's legal representatives, heirs, successors, and assigns.

20.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other similarly situated New York Citizens (the "New York Class"), defined as follows:

> All consumers who purchased the Products within New York. Excluded from the New York Class is anyone who received a refund, as well as any of Topstar's officers, directors, or employees; officers, directors, or employees of any entity in which Topstar currently has or has had a controlling interest; and Topstar's legal representatives, heirs, successors, and assigns.

21.     Additionally, Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and similarly situated individuals within certain States (the "Multi-State Class"), defined as follows:

> All consumers who purchased the Products in California, Florida, Illinois, Massachusetts, Michigan, New Jersey, New York, North Carolina, Ohio, and Washington.  Excluded from the Multi-State Class are any of Topstar's officers, directors, or employees; officers, directors, or employees of any entity in which Topstar currently has or has had a controlling interest; and Topstar's legal representatives, heirs, successors, and assigns.

The Nationwide Class, New York Class, and Multi-State Class are referred to collectively as the "Classes."

22.     At this time, Plaintiff does not know the exact number of members of the Classes but the number is estimated to be in the thousands or more.  The Classes are so numerous that joinder of all members is impracticable.

23.     There are questions of law or fact common to the Classes that predominate over any questions affecting only individual members, including:

(a)     whether Topstar misrepresented the Products' mAh ratings;

(b)     whether Topstar's conduct was unfair and/or deceptive;

(c)     whether Topstar has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Topstar to retain the benefits conferred upon it by Plaintiff and the Classes;

(d)     whether Topstar's conduct constitutes a breach of express warranty;

(e)     whether Topstar violated state consumer protection laws;

(f)     whether Plaintiff and the Classes have sustained damages and, if so, the proper measure thereof;

(g)     whether Plaintiff and the Classes are entitled to restitution, and if so, the proper measure thereof; and

(h)     whether Topstar should be enjoined from continuing to sell the Products as currently labeled;

24.    Plaintiff's claims are typical of those of the members of the Classes, because Plaintiff, like all members of the Classes, purchased, in a typical consumer setting, Topstar's Product bearing the claim that its capacity is greater than it really is, and Plaintiff sustained damages from Topstar's wrongful conduct.

25.    Plaintiff will fairly and adequately protect the interests of the Classes and has retained counsel that is experienced in litigating complex class actions. Plaintiff has no interests which conflict with those of the Classes.

26.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

27.    No member of the Classes has a substantial interest in individually controlling the prosecution of a separate action. The damages for each individual member of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Topstar's conduct. Thus, it would be virtually impossible for them individually to effectively redress the wrongs done to them.

28.    The prerequisites to maintaining a class action for injunctive or equitable relief are met as Topstar has acted or refused to act on grounds generally applicable to the Classes thereby making appropriate final injunctive or equitable relief with respect to the Classes.

29.    The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Topstar. For example, one court might enjoin Topstar from performing the challenged acts, whereas another might not. Additionally, individual actions could be dispositive of the interests of members of the Classes who are not parties to such actions.

30.     Topstar's conduct is generally applicable to the Classes as a whole and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Classes as a whole.  As such, Topstar's systematic policies and practices make declaratory relief with respect to the Classes as a whole appropriate.

## CAUSES OF ACTION

### COUNT I
**(Unfair and Deceptive Acts and Practices in
Violation of the California Consumers Legal Remedies Act,
on Behalf of the Nationwide Class)**

31.     Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

32.     This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 (the "CLRA").

33.     Plaintiff and the other members of the Nationwide Class are "consumers," as the term is defined by California Civil Code § 1761(d), because they bought the Products for personal, family, or household purposes.

34.     Plaintiff, the other members of the Nationwide Class, and Topstar have engaged in "transactions," as that term is defined by California Civil Code §1761(e).

35.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Topstar in transactions intended to result in, and which did result in, the sale of goods to consumers.

36.     As alleged more fully above, Topstar has violated the CLRA by falsely representing to Plaintiff and the other members of the Nationwide Class that the Products' capacity is greater than it actually is.

37.     As a result of engaging in such conduct, Topstar has violated California Civil Code § 1770(a)(5), (a)(7), and (a)(9).

38.     Pursuant to California Civil Code § 1780(a)(2) and (a)(5), Plaintiff seeks an order of this Court that includes, but is not limited to, an order requiring Topstar to remove and/or refrain from making representations that the Products' capacity is greater than it actually is.

39.     Plaintiff and the other Nationwide Class members may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

40.     The unfair and deceptive acts and practices of Topstar, as described above, present a serious threat to Plaintiff and the other members of the Nationwide Class.

41.     CLRA § 1782 NOTICE.  On November 9, 2018, Plaintiff sent a CLRA demand letter to Topstar via certified mail, return receipt requested (the "Demand Letter").  In the Demand Letter, Plaintiff provided notice of Topstar's violation of the CLRA and demanded that within thirty (30) days from that date, Topstar correct, repair, replace, or otherwise rectify the unlawful, unfair, false and/or deceptive practices complained of herein.  The letter also stated that if Topstar refused to do so, a complaint seeking damages in accordance with the CLRA would be filed.

42.     If Topstar does not fully meet the demands set forth in Demand Letter, Plaintiff will amend or seek leave to amend this Complaint in order to seek the following relief under California Civil Code § 1780 for Topstar's violations of California Civil Code §§ 1770(a)(5), 1770(a)(7), and 1770(a)(9):

- actual damages under California Civil Code § 1780(a)(1);
- punitive damages under California Civil Code § 1780(a)(4);
- attorneys' fees and costs under California Civil Code § 1780(d); and
- any other relief the Court deems proper under California Civil Code § 1780(a)(5).

## COUNT II
### (Violations of California's False Advertising Law,
### on Behalf of the Nationwide Class)

43.     Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

44.     As alleged more fully above, Topstar has falsely advertised the Products by falsely claiming that the Products' capacity is greater than it really is.

45.     At all material times, Topstar engaged in a scheme of offering the Products for sale to Plaintiff and the other members of the Nationwide Class by way of distributing within and from the State of California to the public, *inter alia*, commercial marketing and advertising, the World Wide Web (Internet), the Products' packaging and labeling, and other promotional materials and offered for sale the Products on a nationwide basis, including within California.

46.     The misrepresentations and non-disclosures by Topstar of the material facts detailed above constitute false and misleading advertising, and therefore constitute a violation of the False Advertising Law ("FAL") Cal. Bus. & Prof. Code § 17500, *et seq*.

47.     Said advertisements and inducements were made within and from the State of California and come within the definition of advertising contained in the FAL in that such promotional materials were intended as inducements to purchase the Products and are statements disseminated by Topstar to Plaintiff and the other Nationwide Class members that were intended to reach Plaintiff and the other Nationwide Class members.  Topstar knew, or in the exercise of reasonable care should have known, that these representations were misleading and deceptive.

48.     The above acts of Topstar did and were likely to deceive reasonable consumers, including Plaintiff and the other members of the Nationwide Class, by misrepresenting the capacity of the Products, in violation of the "false" and "misleading" prongs of the FAL.

49.      Plaintiff and the other members of the Nationwide Class have suffered injury in fact and have lost money or property as a result of Topstar's violations of Cal. Bus. & Prof. Code § 17500 *et seq.*

50.     Pursuant to California Business and Professions Code §§ 17203 and 17535, Plaintiff and the Nationwide Class seek an order of this Court that includes, but is not limited to, an order requiring Topstar to remove and/or refrain from making representations on the Products' packaging and in its advertising that the Products' capacity is greater than it really is.

### COUNT III
**(Violation of California's Unfair Competition Law,
on Behalf of the Nationwide Class)**

51.     Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

52.     By committing the acts and practices alleged herein, Topstar has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the Nationwide Class as a whole, by engaging in unlawful, fraudulent, and unfair conduct.

53.     Topstar has violated the UCL's proscription against engaging in *unlawful* conduct as a result of:

       (a) its violations of the CLRA, Cal. Civ. Code § 1770(a)(5), (a)(7), and (a)(9), as alleged above; and

       (b) its violations of the FAL, Cal. Bus. & Prof. Code § 17500 *et seq.*, as alleged above

54.     Topstar's acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.

55.     As more fully described above, Topstar's false and misleading marketing, advertising, packaging, and labeling of the Products is likely to deceive reasonable consumers. Indeed, Plaintiff and the other members of the Nationwide Class were unquestionably deceived regarding the capacity of the Products, as Topstar's marketing, advertising, packaging, and labeling of the Products misrepresent and/or omit the true facts concerning the benefits of the Products.  Said acts are fraudulent business practices.

56.     Topstar's acts and practices described above also violate the UCL's proscription against engaging in *unfair* conduct.

57.     Plaintiff and the other Nationwide Class members suffered a substantial injury by virtue of buying the Products that they would not have purchased absent Topstar's unlawful, fraudulent, and unfair marketing, advertising, packaging, and labeling or by virtue of paying an excessive premium price for the unlawfully, fraudulently, and unfairly marketed, advertised, packaged, and labeled Products.

58.     There is no benefit to consumers or competition from the deceptive marketing and labeling of the Products, which Topstar misrepresents as having a greater capacity than they actually do.

59.     Plaintiff and the other Nationwide Class members had no way of reasonably knowing that the Products they purchased were not as marketed, advertised, packaged, or labeled. Thus, they could not have reasonably avoided the injury each of them suffered.

60.     The gravity of the consequences of Topstar's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives that exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and the other members of the Nationwide Class.

61.     Topstar's violations of the UCL continue to this day.

62.     Pursuant to California Business and Professions Code § 17203, Plaintiff and the Nationwide Class seek an order of this Court that includes, but is not limited to, an order requiring Topstar to:

(a) remove and/or refrain from making representations that the Products' capacity is greater than it really is;

(b) provide restitution to Plaintiff and the other Nationwide Class members;

(c) disgorge all revenues obtained as a result of violations of the UCL; and

(d) pay Plaintiff's and the Nationwide Class's attorney fees and costs.

## **COUNT IV**
### **(Violation of New York General Business Law § 349,**
### **on Behalf of the New York Class)**

63.     Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

64.     Topstar engaged in false and misleading marketing concerning the Products.

65.     As fully alleged above, by advertising, marketing, distributing, and/or selling the Products to Plaintiff and other members of the New York Class of consumers, Topstar engaged in and continues to engage in deceptive acts and practices.

66.     Plaintiff and the other members of the New York Class seek to enjoin such unlawful deceptive acts and practices as described above.  Each of the New York Class members will be irreparably harmed unless the unlawful actions of Topstar are enjoined, in that Topstar will

continue to falsely and misleadingly advertise the capacity of the Products.  Towards that end, Plaintiff and the New York Class request an order granting them injunctive relief in the form of an order prohibiting Topstar from representing that the Products' capacity is greater than it really is.

67.     In this regard, Topstar has violated, and continues to violate, New York GBL § 349, which makes deceptive acts and practices unlawful.  As a direct and proximate result of Topstar's violation of GBL § 349 as described above, Plaintiff and the other members of the New York Class have suffered damages based on the price premium Topstar can and does charge as a result of its misrepresentations and deceptive conduct in an amount to be determined at trial.

68.     Wherefore Plaintiff, on behalf of the New York Class, prays for relief as set forth herein.

### COUNT V
### (Violation of New York General Business Law § 350, on Behalf of the New York Class)

69.     Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

70.     Topstar engaged in false advertising concerning the Products and was able to obtain higher purchase prices for the Products based on false advertising.

71.     As fully alleged above, by advertising, marketing, distributing, and/or selling the Products to Plaintiff and other members of the New York Class, Topstar engaged in and continues to engage in false advertising.

72.     Plaintiff and the other members of the New York Class seek to enjoin such unlawful false advertising as described above.  Each of the New York Class members will be irreparably harmed unless the unlawful actions of Topstar are enjoined, in that Topstar will continue to falsely and misleadingly advertise the capacity of the Products.  Towards that end, Plaintiff and the New York Class request an order granting them injunctive relief in the form of an order prohibiting Topstar from misrepresenting the Products' capacity.

73.     In this regard, Topstar has violated, and continues to violate, GBL § 350, which makes false advertising unlawful.  As a direct and proximate result of Topstar's violation of GBL § 350 as described above, Plaintiff and the other members of the New York Class have suffered

1  damages based on the price premium Defendant can and does charge as a result of its

2  misrepresentations and deceptive conduct in an amount to be determined at trial.

3      74.    Wherefore Plaintiff, on behalf of the New York Class, prays for relief as set forth

4  herein.

5                    **COUNT VI**

   **(Violation of Materially Identical State Consumer Protection Statutes,**
6  **on Behalf of the Multi-State Class)**

7      75.    Plaintiff incorporates by reference and realleges herein all paragraphs alleged

8  above.

9      76.    Topstar is engaged in "trade" and "commerce" as it distributes the Products to retail

10  stores for sale to consumers within this and each of the states listed below.

11      77.    Topstar's representations regarding the capacity of the Products was material to a

12  reasonable consumer and likely to affect consumer decisions and conduct.

13      78.    Topstar has used and employed unfair methods of competition and unfair or

14  deceptive acts or practices in the conduct of trade or commerce.

15      79.    Topstar's acts and practices are immoral, unethical, oppressive and unscrupulous.

16      80.    Topstar's conduct is substantially injurious to consumers.  Such conduct has, and

17  continues to cause, substantial injury to consumers because consumers would not have paid such

18  a high price for the Products but for Topstar's false promotion of the Product's electrical storage

19  capacity.  Consumers have thus overpaid for the Products and such injury is not outweighed by

20  any countervailing benefits to consumers or competition.

21      81.    No benefit to consumers or competition results from Topstar's conduct.  Since

22  reasonable consumers are deceived by Topstar's representations of the Products and they were

23  injured as a result, consumers could not have reasonably avoided such injury.

24      82.    The foregoing unfair and deceptive practices directly, foreseeably and proximately

25  caused Plaintiff and the Multi-State Class to suffer an ascertainable loss when they paid a premium

26  for the Products.

27

28

83.   The practices discussed above all constitute unfair competition or unfair, unconscionable, deceptive, or unlawful acts or business practices in violation of at least the following state consumer protection statutes:[1]

(a)  **California Consumer Legal Remedies Act,** Cal. Civ. Code § 1750, *et seq.*,

(b)  **California Unfair Competition Law,** Cal. Bus. & Prof. Code § 17200, *et seq.*;

(c)  **Florida Deceptive and Unfair Trade Practices Act,** Fla. Stat. § 501.201, *et seq.*;

(d)  **Illinois Consumer Fraud and Deceptive Business Practices Act**, 815 Ill. Comp. Stat. § 505/1, *et seq.*;

(e)  **Massachusetts Regulation of Business Practices for Consumers' Protection Act**, Mass. Gen. Laws Ann. ch. 93A, § 1 *et seq.*;

(f)  **Michigan Consumer Protection Act,** Mich. Comp. Laws § 445.901 *et seq.*;

(g)  **New Jersey Consumer Fraud Act**, N.J. Stat. Ann. § 56:8-1, *et seq.*;

(h)  **New York Deceptive Acts and Practices Act**, N.Y. Gen. Bus. Law § 349, *et seq.*;

(i)  **North Carolina Unfair and Deceptive Trade Practices Act,** N.C. Gen. Stat. § 75-1.1(a).

(j)  **Ohio's Consumers Sales Practice Act,** Ohio Revised Code § 1345, *et seq.*

(k)  **Washington Consumer Protection Act**, Wash. Rev. Code § 19.86.010, *et seq.*;

84.   The foregoing unfair and deceptive practices directly, foreseeably and proximately caused Plaintiff and the Multi-State Class to suffer an ascertainable loss when they paid a premium for the Products over comparable products.

---

[1] There is no material conflict between these state statutes because these state statutes (1) do not require reliance by unnamed class members; (2) do not require scienter; and (3) allow class actions.

85.     Plaintiff and the Multi-State Class are entitled to recover damages and other appropriate relief, as alleged below.[2]

## COUNT VII
### (Breach of Express Warranty on Behalf of the Classes)

86.     Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

87.     Topstar's representations regarding the Products' capacity constitute affirmations of fact.

88.     Topstar's representations that the Products' capacity is greater than it really is relates to the goods and became part of the basis of the bargain between Topstar and purchasers of the Products.

89.     Plaintiff and the other members of the Classes purchased the Products, believing that they conformed to the express warranties.

90.     As set forth in the paragraphs above, Topstar's statements concerning the Products are false.

91.     All conditions precedent to Topstar's liability under the above-referenced contract have been performed by Plaintiff and the other members of the Classes.

92.     Topstar breached its express warranties about the Products because, as alleged above, the Products' capacity was lower than Topstar represented.  Topstar therefore breached the applicable state statutes.

93.     As a result of Topstar's breaches of express warranty, Plaintiff and the other members of the Classes were damaged in the amount of the purchase price they paid for the Products, or in the amount they paid based upon the misrepresentations, in amounts to be proven at trial.

---

[2] As is alleged in Count I, at this time Plaintiff only seeks equitable relief and attorneys' fees for Defendant's alleged CLRA violations.

94.     On November 9, 2018, within a reasonable time after he knew or should have known of such breach, Plaintiff, on behalf of himself and the other members of the Classes, placed Topstar on notice thereof.

95.     As a proximate result of the breach of warranty by Topstar, Plaintiff and the other members of the Classes did not receive goods as warranted.  Among other things, Plaintiff and the other members of the Classes did not receive the benefit of the bargain and have suffered other injuries as detailed above.  Moreover, had Plaintiff and the other members of the Classes known the true facts, they either would not have purchased the Products, or would not have been willing to pay the price Topstar charged for the Products.

96.     Wherefore Plaintiff, on behalf of the Classes, prays for relief as set forth herein.

## COUNT VIII
### (Unjust Enrichment on Behalf of the Classes)

97.     Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

98.     Plaintiff and the other members of the Classes conferred benefits on Topstar by purchasing the Products and paying a greater price for them than they would have if Topstar had truthfully represented the Products' capacity.

99.     Topstar has knowledge of such benefits.

100.     Topstar's representations that the capacity of the Products is greater than it actually is constitutes an affirmation of fact that is part of the basis of the bargain between Topstar and purchasers of the Products.

101.     Topstar made the above-referenced representations in order to induce Plaintiff and the other members of the Classes to purchase, purchase more of, or to pay more for the Products than they otherwise would have, and they relied on the representations in purchasing the Products.

102.     As a result of Topstar's deceptive, fraudulent and misleading labeling, advertising, and marketing of the Products, the Plaintiff and other members of the Classes were induced to pay the purchase price and pay more for the Products than they otherwise would have.

103.    Plaintiff and the other members of the Classes were unjustly deprived of payments because they would not have purchased, or would have purchased less of, or would have paid less for the Products if true facts had been known.

104.    Topstar was enriched at the expense of Plaintiff and the other members of the Classes, thereby creating a quasi-contractual obligation on Topstar to restore those ill-gotten gains to Plaintiff and the members of the Classes.

105.    Under the circumstances, it would be against equity and good conscience to permit Topstar to retain the ill-gotten benefits that it received from Plaintiff and the other members of the Classes, in light of the fact that the Products were not what Topstar purported them to be.  Thus, it would be unjust or inequitable for Topstar to retain the benefit without restitution to Plaintiff and the other members of the Classes for the monies paid to Topstar for the Products.

106.    As a direct and proximate result of Topstar's unjust enrichment, Plaintiff and the other members of the Classes are entitled to restitution or restitutionary disgorgement, in an amount to be proven at trial.

107.    Wherefore Plaintiff, on behalf of the Classes, prays for relief as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Classes, respectfully requests that the Court enter judgment against Topstar as follows:

A.    Certifying this action as a class action, with Classes as defined above;

B.    Appointing Plaintiff as the representative of the Classes and their counsel, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and Kaplan Fox & Kilsheimer LLP, as counsel for the Classes;

C.    Requiring that Topstar pay for notifying the members of the Classes of the pendency of this suit;

D.    Awarding Plaintiff and the Classes injunctive relief;

E.    Awarding Plaintiff and the Classes monetary damages in an amount to be determined at trial, together with prejudgment interest;

F.      Awarding Plaintiff and the Classes statutory damages in the maximum amount provided by law;

G.      Awarding Plaintiff and the Classes restitution of Topstar's ill-gotten gains;

H.      Awarding Plaintiff and the other members of the Classes the reasonable costs and expenses of suit, including their attorneys' fees; and

I.      For any further relief that the Court may deem appropriate.

<u>**JURY TRIAL DEMANDED**</u>

Plaintiff demands a trial by jury for all claims so triable.

Respectfully submitted,

**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**

DATED:  November 19, 2018          By:   /s/ *D. Greg Blankinship*
                                             D. Greg Blankinship

D. Greg Blankinship (*pro hac vice* forthcoming)
Jean Sedlak (SBN 267659)
445 Hamilton Ave, Suite 605
White Plains, New York 10601
Telephone: (914) 298-3290
gblankinship@fbfglaw.com
jsedlak@fbfglaw.com


DATED:  November 19, 2018          **KAPLAN FOX & KILSHEIMER LLP**

By:   /s/ *Laurence D. King*
                Laurence D. King

Laurence D. King
Mario M. Choi
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:  415-772-4707
lking@kaplanfox.com
mchoi@kaplanfox.com

*Counsel for Plaintiffs*

1

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

2

I, Laurence D. King, attest that concurrence in the filing of this document has been

3

obtained from the other signatories.  I declare under penalty of perjury under the laws of the

4

United States of America that the foregoing is true and correct.

5

Executed this 19th day of November, 2018, at San Francisco, California.

6

7

_s/ Laurence D. King_
LAURENCE D. KING

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28